IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JONATHAN ENRIQUE MENDOZA MARTINEZ,<br>Petitioner,<br>v.<br>JULIO HERNANDEZ, Seattle Field Office Director, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement (ICE); *et al.*,<br>Respondents. | No. 2:26-CV-03690-SAB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Before the Court is Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1. Petitioner is represented by Ariel S. Bailey. Respondents are represented by Barbara Andrade.

Petitioner is a citizen and native of El Salvador who entered the United States on an unknown date. He was detained shortly after his entry and was processed as an unaccompanied minor. After a few months of detention, Petitioner was released to the custody of his cousin on September 26, 2018. On September 29, 2023, Petitioner filed an application for asylum. It appears, at some point, Petitioner was issued an Order of Release on Recognizance (OREC) pursuant to

DHS policies at the time regarding release of unaccompanied minors.

On November 24, 2025, Petitioner was arrested by ICE following a police arrest. He asserts he was not provided with pre-deprivation notice or an opportunity to be heard.

Respondents oppose the Petition, asserting Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b).

Petitioner was ordered removed on January 14, 2026, and he timely filed an appeal, which remains pending. Petitioner received a bond hearing on September 11, 2026, in which the IJ denied bond for an apparent lack of jurisdiction.

In determining whether a petitioner who was released and later re-detained is subject to mandatory or discretionary detention, courts may consider the government's treatment of the petitioner and the context of the decision to release them. *Pantoja Sanchez v. Hernandez*, No. 2:26-CV-00884-TMC, 2026 WL 1506130, at *2 (W.D. Wash. May 29, 2026). The discretionary decision to release Petitioner under an OREC supports the conclusion that he is subject to discretionary detention under 8 U.S.C. § 1226. *Aguilar-Graterol v. Warden/Facility Adm'r, Nw. Det. Ctr.*, No. 2:26-CV-00997-LK, 2026 WL 1162705, at *4 (W.D. Wash. Apr. 29, 2026); *Del Valle Castillo v. Wamsley*, No. 2:25-CV-02054-TMC, 2025 WL 3524932, at *5 (W.D. Wash. Nov. 26, 2025). Further, release under an OREC is authorized under § 1226(a)(2)(B), and noncitizens released on an OREC that are later re-detained are subject to § 1226. *Ortega-Cervantes v. Gonzalez*, 501 F.3d 1111, 1115-16 (9th Cir. 2007); *Shcralishocvich Azimov v. Scott*, No. 2:26-CV-02846-TMC, 2026 WL 2797213, at *2 (W.D. Wash. Sept. 18, 2026) ("A petitioner…released on an OREC after initial detention… is then subject to § 1226(a) if re-detained, absent changed circumstances justifying detention under a different statute."). The record does not indicate that Petitioner has any criminal conviction that subjects him to mandatory detention under § 1226(c). Accordingly, Petitioner is subject to discretionary

detention under § 1226(a).

When determining whether a petitioner held under § 1226(a) has received appropriate due process, courts in this District apply the three-factor *Mathews* test. *See e.g., Rana v. Bondi*, No. 2:26-CV-00244-TL, 2026 WL 472800, at *3 (W.D. Wash. Feb. 19, 2026). Those three factors are (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional or substitute procedural safeguards," and (3) the Government's interest. *Mathews v. Eldridge*, 424 U.S. 319, 334-35 (1976). When evaluating the third factor, Courts must analyze the governmental function involved, as well as the fiscal and administrative burdens that additional or substitute procedures would require. *Id*. at 335.

A finding in favor of an immigration petitioner under *Mathews* requires immediate release in order to restore the status quo. *See e.g., Rana*, 2026 WL 472800, at *4–5; *Lopez Camacho v. Ice Field Off. Dir.*, No. 2:26-CV 00925-RAJ, 2026 WL 1243459, at *8 (W.D. Wash. May 6, 2026); *K.G.M.Q. v. Bondi*, No. 2:26-CV-00506-TL, 2026 WL 962609, at *12 (W.D. Wash. Apr. 9, 2026); *Kirykovich v. Hernandez*, 2:26-CV-00695, 2026 WL 890459, at *4 (W.D. Wash. Apr. 1, 2026) ("Because the constitutional violation is the absence of pre deprivation process, the proper remedy is to restore the status quo ante—that is, to return [the petitioner] to the conditions that existed before his unlawful detention."). The status quo is "the last uncontested status which preceded the pending controversy." *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963) (citation omitted).

The *Mathews* factors weigh in favor of Petitioner. First, Petitioner has a protected liberty interest in remaining free from custody, especially since he was released into the community in 2018. Second, the risk of deprivation of liberty is high: it does not appear that Respondents conducted a hearing at the outset of

Petitioner's re-detention to determine an individualized risk of flight or danger. Third, Respondents' interest in re-detaining Petitioner without a hearing is minimal: while holding a hearing would have cost time and money, those costs are outweighed by Petitioner's liberty interests.

As Petitioner's re-detention was the impetus for the pending controversy, it is appropriate to order his immediate release. *Tanner*, 316 F.2d at 809. Post deprivation procedures, such as a bond hearing conducted after a petitioner has already been detained for some length of time, cannot cure constitutional violations that occurred at the outset of detention. *E.A.T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. Aug. 19, 2025) ("[A] post deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty.").

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**.

2. **Within one (1) day of the date of this Order, Respondents shall release Petitioner from immigration detention.** Within two (2) days of the date of this Order, Respondents shall file a certification that Petitioner has been released.

3. Respondents shall not re-detain Petitioner without providing pre-detention notice and affording Petitioner a hearing unless detention becomes statutorily mandated.

//

//

//

//

//

//

4. At any re-detention hearing, Respondents shall bear the burden to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 13th day of November 2026.

Stan Bastian

Stanley A. Bastian
United States District Judge